SO ORDERED.
SIGNED 16th day of March, 2026

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

Nancy B. King
U.S. Bankruptcy Judge



# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JOHN RAYMOND CHADWICK HOWELL, | ) | Case No. 1:25-bk-02710 |
| | ) | Chapter 7 |
| | ) | Judge Nancy B. King |
| Debtor. | ) | |
| | ) | |
| KATHLEEN EGLET, | ) | Adversary No. 1:25-ap-90116 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN RAYMOND CHADWICK HOWELL, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This matter is before the Court upon John Raymond Chadwick Howell's ("Defendant") "Motion to Dismiss." The Defendant cites Federal Rule of Civil Procedure 12(b)(6)'s failure to state a claim for which relief can be granted standard challenging the sufficiency of the Complaint. Kathleen Eglet ("Plaintiff") filed a response in opposition. Before addressing the merits, the Court points out that the filing of a post-answer motion to dismiss has resulted, at least in some courts,

1

in the denial of consideration of such motions on the ground that the filing of an answer categorically precludes a defendant from later challenging the sufficiency of a complaint. *See Oxford House, Inc. v. Twp. of N. Bergen*, 158 F.4th 486, 490 (3d Cir. 2025) (citing other decisions which have collected cases).

Rule 12(b)[1] requires certain defenses "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). As noted by the Third Circuit, however:

> [T]he consequences for failing to raise such defenses depends on which provision of Rule 12(b) is later invoked. Filing an answer waives any unasserted defense under Rule 12(b)(2)-(5), *see id.* 12(h)(1). The Rule 12(b)(6) defense of failure to state a claim is different in that it may be raised "in any pleading allowed or ordered under Rule 7(a)," "by a motion under Rule 12(c)," or "at trial," *id.* 12(h)(2).

*Oxford House, Inc.*, 158 F.4th at 490.

For this reason, the Court will construe the Defendant's post-answer motion to dismiss as a motion for judgment on the pleadings pursuant to Rule 12(c). Doing so is straightforward and does not prejudice the rights of any party because the standard is the same under either rule. *Allen v. Lo*, 751 F. Supp. 3d 863, 871 (M.D. Tenn. 2024) (citing *Jackson v. Prof'l Radiology Inc.*, 864 F.3d 463, 466 (6th Cir. 2017) (finding a motion for judgment on the pleadings is governed by Rule 12(c) and is analyzed the same as a motion to dismiss for failure to state a claim under Rule 12(b)(6)).

### STANDARD OF REVIEW

When considering a Rule 12(c) motion, the court "'must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief.'" *Engler v. Arnold*, 862 F.3d 571, 574–75 (6th Cir. 2017) (quoting

---

[1] Federal Rule of Civil Procedure 12 is made applicable by Federal Rule of Bankruptcy Procedure 7012.

*Kottmyer v. Maas*, 436 F.3d 684, 689 (6th Cir. 2006)). "To survive a Rule 12(c) motion, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 575 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (internal quotation marks omitted). "Mere labels and conclusions are not enough; the allegations must contain 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678).

"When reviewing a motion for judgment on the pleadings, [the Court] generally may only review the pleadings, any attachments to those pleadings, and documents that are referred to in the complaint and [are] central to the plaintiff's claim or are matters of public record." *Saalim v. Walmart, Inc.,* 97 F.4th 995, 1002 (6th Cir. 2024) (citations and internal quotation marks omitted). In this case, the Court considers the Adversary Complaint, the Answer, the General Sessions Civil Summons, the Notice of Appeal, and the Order of the Circuit Court of Williamson County, Tennessee ("Circuit Court Order") as the pleadings and necessary documents that are referred to in the Complaint or are public record and central to the Plaintiff's claim.

## FACTUAL AND PROCEDURAL BACKGROUND

The Plaintiff is listed as a creditor on the Defendant's Chapter 7 voluntary petition. [Complaint, Dkt. No. 1, at 1; ¶ 2]. The claim arose from a Williamson County, Tennessee, General Sessions Court ("General Sessions Court") action for "breach of contract, unjust enrichment, and damage to property." [*Id.*]. The General Sessions Court entered a judgment of dismissal [Answer to Complaint, Dkt. No.7, Exh. 2], and the Plaintiff appealed to the Circuit Court for Williamson County, Tennessee ("Circuit Court"). On June 25, 2025, the Circuit Court entered an order granting the Plaintiff a default judgment against the Defendant for $20,040.50 when the Defendant failed to appear. [*Id. (*citing Exh. C, Circuit Court Order)].

3

During the appeal to the Circuit Court, the Plaintiff testified about her damages resulting from overpayment to the Defendant "for services, goods, and repairs misrepresented as necessary on her property and fraud in the conducting of services." [Complaint, Dkt. No. 1, at 2, ¶ 2]. The Plaintiff alleges that the Defendant, "acting as a contractor, misrepresented the cost of repairs related to plumbing and crawl space encapsulation." [*Id*. at 2; ¶ 3]. Based on these factual allegations, the Plaintiff alleges that the debt is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) as a debt obtained by false pretense, false representation, or actual fraud. [*Id.* at 2, ¶¶ 4-5].

The Defendant timely filed an Answer, and a pretrial conference was held. Per the Pretrial Order, dispositive motions were to be filed on or before January 30, 2026. [Pretrial Order, Dkt. No. 9]. The Defendant filed a Motion to Dismiss [Motion to Dismiss, Brief/Memorandum in Support of Motion to Dismiss, Dkt. Nos. 11-12] on January 30, 2026, and the Plaintiff timely responded to the Motion. [Response, Dkt. No. 13].

## DISCUSSION

The Defendant's Motion to Dismiss asserts that the Complaint fails to state specific facts establishing that the Defendant incurred this debt as a result of false pretenses, false representations, or actual fraud. Specifically, the Defendant points out that the Plaintiff relies fully on the Circuit Court Order which fails to raise any issue of fraud, false pretenses, or misrepresentation. Even considering the additional pleadings attached to both the Plaintiff's Complaint and the Defendant's Answer, the Plaintiff's Complaint fails to survive, as a matter of law, because the "Plaintiff undoubtedly can prove no set of facts in support of [a] claim that would entitle h[er] to relief." *Engler*, 862 F.3d 571, 574–75.

As set forth above, the Plaintiff's General Sessions Civil Summons alleged "breach of contract, unjust enrichment and damage to property." [Complaint, Dkt. No 1, Exh. B; Answer to Complaint, Dkt. No. 7, Exh. 1]. The General Sessions Court entered a judgment of DISMISSAL of the Plaintiff's claims contained in the General Sessions Civil Summons after a hearing, [Answer to Complaint, Dkt. No.7, Exh. 2] and the Plaintiff appealed to the Circuit Court. [*Id.*, Exh. 3]. The Plaintiff alleges in her Complaint that she testified at the Circuit Court hearing about her damages, and the Defendant failed to appear. [Complaint, Dkt. No. 1, at 2, ¶ 3]. As a result of that hearing, the Circuit Court entered a judgment in favor of the Plaintiff noting that the Defendant did not appear at the hearing and that, although the Defendant indicated he was preparing to file for bankruptcy relief, he had not yet done so at the time of the Circuit Court hearing. The Order provides:

> Accordingly, the Court finds it appropriate to grant Ms. Eglet's request for default judgment against Mr. Howell, finding that he has not responded to or otherwise defended against this appeal. Having granted default judgment, the Court received testimony and documentary evidence to support her claim for damages which the Court accepts.
>
> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED AS FOLLOWS:
>
> 1. The Court grants a default judgment against Mr. Howell;
> 2. Ms. Eglet is awarded a judgment for which execution may issue against Mr. Howell in the amount of $20,040.50;
> 3. All court costs shall be taxed against Mr. Howell;
> 4. This order shall constitute a final appealable order.

[Complaint, Dkt. No. 1, Exh. C; Answer, Dkt. No. 7, Exh. 4].

There is no mention of fraud, false pretense, or false representation in the General Sessions Civil Summons, the General Sessions Court's Judgment of Dismissal, the Notice of Appeal, nor the Circuit Court's Order granting the Plaintiff a default judgment. The Plaintiff contends that because she provided testimony at the *de novo* trial (appeal of the General Sessions Court

5

dismissal) to support a claim of false representation or false pretense, she has likewise stated a claim for nondischargeability in this adversary proceeding.  The Defendant does not dispute that the Plaintiff testified, nor does he dispute what testimony was or was not provided at the hearing. He nonetheless contends that the underlying judgment is not based upon false pretenses, false misrepresentation, and/or fraud.

Pursuant to T.C.A. § 16–15–729, proceedings originating in general sessions courts, when appealed to the circuit court, may be amended to add new parties, causes of action, counterclaims, cross-claims, third-party claims, or defenses. *Brown v. Roland*, 357 S.W.3d 614, 619 (Tenn. 2012) (citation omitted). Here, the original complaint raised claims of "breach of contract, unjust enrichment and damage to property" as provided in the General Sessions Civil Summons. The Plaintiff did not file an amended complaint in the Circuit Court, nor were any new causes of action included in the Plaintiff's Notice of Appeal.  In fact, the Plaintiff checked "Original Claim" on the Notice of Appeal. A party appealing from general sessions to circuit court is bound by the perimeters of the civil warrant filed in the general sessions court unless an amendment is filed with the circuit court.  *See, e.g.*, *Flynn v. Citizens Nat'l Bank*, No. E2014–02231–COA–R3–CV, 2015 WL 6453008, at *8 (citation omitted) (Plaintiff was bound by the amount sought in the general sessions civil warrant where no amendment to increase the amount of damages was filed in the circuit court.).[2] Accordingly, the Plaintiff did not properly present any claims based on fraud, false representation, or false pretense in the Circuit Court.

Additionally, whatever testimony the Plaintiff  may have presented to the Circuit Court regarding false representation or false pretense was not specifically incorporated into the Order granting her a default judgment. The Circuit Court Order is simply a default judgment for failure

---

[2] An appeal must put the parties and the Court on notice of what issues are being decided. If the Plaintiff wanted to allege fraud as part of her appeal, she was required to give the Defendant notice of new causes of action.

to appear and an award of damages. The Tennessee Rules of Civil Procedure mandate that a trial court, after hearing a case without a jury, "shall find the facts specially and shall state separately its conclusions of law and direct the entry of the appropriate judgment." Tenn. R. Civ. P. 52.01. "These findings of fact and conclusions of law must be 'incorporated into the trial court's written order, as the court speaks through its orders and not through the transcript of the proceedings.'" *Bean v. Bean*, No. M2022-00394-COA-R3-CV, 2022 WL 17830533, at *4 (Tenn. Ct. App. Dec. 21, 2022) (quoting *Friedsam v. Krisle,* No. M2021-00530-COA-R3-CV, 2022 WL 3654658, at *7 (Tenn. Ct. App. Aug. 25, 2022)). *See also In re Navada N.,* 498 S.W.3d 579, 594 (Tenn. Ct. App. 2016) (citing *Williams v. City of Burns*, 465 S.W.3d 96, 119 (Tenn. 2015) ("Tennessee law is clear that the trial court speaks through its written orders, not the transcript.")).[3]

The Circuit Court, speaking through its written order, as drafted by counsel for the Plaintiff, granted a default judgment based on the Defendant's failure to appear and on the Plaintiff's "testimony and documentary evidence to support her claim for damages." This Court cannot assume, based on the record before it, that the documentary evidence and testimony established causes of action that were not alleged in the General Sessions Civil Summons or amended in Circuit Court and addressed in the Circuit Court Order.

While not raised in the Defendant's Motion to Dismiss, the Court also notes that there are no specific allegations of intent included in the Complaint. As succinctly summarized by the Bankruptcy Court for the Eastern District of Pennsylvania: "The three (3) different types of

---

[3] Requiring a trial court to set out its findings and conclusions is generally understood to serve three important purposes: "(1) aiding appellate review by affording reviewing courts 'a clear understanding of the ground or basis of the decision of the trial court'; (2) making it clear 'precisely what is being decided by the case' for res judicata purposes; and (3) ensuring that trial courts carefully ascertain and apply the facts, potentially decreasing the need for an appeal." *Bean*, 2022 WL 17830533, at *4 *(*citing 9 C Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure* § 2571 (3d ed. 2022) (collecting cases)).

conduct that give rise to nondischargeability under § 523(a)(2) all require that a plaintiff prove false or deceptive conduct, fraudulent intent, and justifiable reliance." *Am. Fed'n of State, Cnty., and Mun. Emps., Local 2187 v. Marshall (In re Marshall),* 623 B.R. 123, 133 (Bankr. E.D. Pa. 2020) (citing *Holden v. Altieri (In re Altieri),* No. 11-12819, Adv. No. 11-1196, 2012 WL 3595298, at *2 (Bankr. D.N.J. Aug. 20, 2012)). Thus, "[t]o be actionable under § 523(a)(2)(A), the debtor must act with scienter, regardless of whether the creditor alleges that the debtor's conduct constituted false pretense, a false representation or actual fraud." *Jaroslawicz v. Steinberg (In re Steinberg),* No. 16 Civ. 4074 (LGS), 2017 WL 1184314, at *4 (S.D.N.Y. Mar. 29, 2017). Again, there is no mention of scienter in the Adversary Complaint, General Sessions Civil Summons, Notice of Appeal, or Circuit Court Order.[4] The underlying decision of the Circuit Court supports only a money judgment for breach of contract, unjust enrichment, and damage to property, which is dischargeable in bankruptcy without any allegations of scienter.

Finally, even if the Plaintiff sought and was granted an opportunity to amend her complaint, her allegations would be barred by res judicata or claim preclusion.[5] This Court must look to Tennessee law to determine whether res judicata applies. *Smith v. Lerner, Sampson & Rothfuss,*

---

[4] The Adversary Complaint recounts the procedural history in the state court proceedings in paragraph 2. Paragraph 3 states only: "Mr. Howell, acting as a contractor, misrepresented the costs of services, goods, and repairs necessary upon Ms. Eglet's residential property located at [address] related to a minor plumbing repair and crawl space encapsulation. After opportunity for hearing and receipt of Ms. Eglet's testimony on the matter, the Circuit Court of Williamson County accepted her testimony as to Mr. Howell's conduct and awarded her $20,040.50 in damages to recoup money paid to him as a result of his false representation and false pretense." [Complaint, Dk. No. 1, at 2]. While this is the Plaintiff's interpretation of the testimony presented in the Circuit Court, it is not consistent with the pleadings or the Circuit Court Order that awarded a default judgment only for "breach of contract, unjust enrichment and damage to property."

[5] Although res judicata and/or collateral estoppel generally cannot be raised in a motion to dismiss and should instead be pleaded as an affirmative defense, dismissal under Rule 12(b)(6) or 12(c) is appropriate if the res judicata/collateral estoppel bar is "apparent from the complaint and judicially noticed facts and the plaintiff fails to challenge the defendant's failure to plead it as an affirmative defense." *Pie Dev., L.L.C. v. Pie Carrier Holdings, Inc.,* 128 F.4th 657, 661 (5th Cir. 2025). *See also Regions Bank v. Prager,* 625 S.W.3d 842, 848 (Tenn. 2021) (citation omitted) (affirmative defense of res judicata may be raised in motion to dismiss when applicable on face of complaint).

*L.P.A.*, 658 F. App'x. 268, 275 (6th Cir. 2016) ("Federal courts look to the rendering state's law to determine the preclusive effect that attaches to the rendering state's judgments."). Under Tennessee law, the elements of res judicata include "'(1) that the underlying judgment was rendered by a court of competent jurisdiction; (2) that the same parties or their privies were involved in both suits; (3) that the same claim or cause of action was asserted in both suits; and (4) that the underlying judgment was final and on the merits.'" *Elvis Presley Enters., Inc. v. City of Memphis*, 620 S.W.3d 318, 324 (2021) (*quoting Jackson v. Smith*, 387 S.W.3d 486, 491(Tenn. 2012)).

The first element is met because the Circuit Court Order constitutes a final decision by a court of competent jurisdiction, and the second element is met as the two suits involve the same parties. The third element is also met as the two suits share an identity of causes of action. For purposes of res judicata, causes of action are the same "where they arise out of the same transaction or a series of connected transactions." *Creech v. Addington,* 281 S.W.3d 363, 381 (Tenn. 2009) (*quoting* Restatement (Second) of Judgments § 24(1) (Am. Law Inst. 1982)). *See also Hampton v. Hawker Powersource, Inc.*, No. 1:23-cv-190, 2024 WL 6111882, at *3 (E.D. Tenn. March 1, 2024) (Third element was met "because the instant action arises from the same facts and circumstances at issue in the state court case."). Whether or not the Plaintiff actually raised claims of false pretense, false representation, or actual fraud in the Circuit Court, res judicata applies "with respect to all issues which were, ***or could have been***, litigated in the former suit." *Jackson v. Smith*, 387 S.W.3d 486, 491 (Tenn. 2012) (emphasis added); *Elk Horn Coal Co., LLC v. Conveyor Mfg. & Supply, Inc.* (*In re Pen Holdings, Inc.*), 316 B.R. 495, 498 (Bankr. M.D. Tenn. 2004) (quoting *Browning v. Levy*, 283 F.3d 761, 772) (6th Cir. 2002)) ("'res judicata principles bar relitigation of any issues raised or that could have been raised.'"). Finally, the fourth element is met. The Circuit

Court Order was entered on June 25, 2025, and rather than appeal the decision, the debtor chose to file for bankruptcy protection on June 30, 2025.

"Pursuant to Fed. R. Civ. P. 15(a)[(2)],[6] a court should freely give leave to amend a complaint 'when justice so requires.' However, leave to amend may be denied where the amendment would be futile." *Yuhasz v. Brush Wellman, Inc.,* 341 F.3d 559, 569 (6th Cir. 2003) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)). An amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Kalasho v. Republic of Iraq,* No. 06–11030, 2010 WL 4062212, at *1 (E.D. Mich. Oct. 14, 2010) ("[D]espite the general rule of liberality with which leave to file amended complaints is to be granted, the Sixth Circuit has held that when a proposed amended complaint would not survive a motion to dismiss, the court may properly deny the amendment as futile.") (citing *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.,* 632 F.2d 21, 23 (6th Cir. 1980) and *Thiokol Corp. v. Dep't of Treasury,* 987 F.2d 376 (6th Cir. 1993)). *See also United States ex rel. David Antoon v. Cleveland Clinic Found.,* 978 F. Supp.2d 880, 886 (S.D. Ohio 2013) (proposed amendment futile if it could not withstand Rule 12(b)(6) motion). Here granting leave to amend to the Plaintiff to allege specific allegations of fraud would be futile and cannot transform Plaintiff's state court judgment for "breach of contract, unjust enrichment and damage to property" into a nondischargeable debt for fraud.

### CONCLUSION

For all the reasons cited herein, the Court finds that the Defendant's Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c) should be **GRANTED**.

An appropriate Order will issue.

---

[6] Federal Rule of Civil Procedure 15 is made applicable by Federal Rule of Bankruptcy Procedure 7015.

10

**THIS MEMORANDUM OPINION WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE**

11